Mark J. Giunta (#015079)
Liz Nguyen (#030282)
Law Office of Mark J. Giunta
245 West Roosevelt Street, Suite A
Phoenix, AZ 85003
Phone (602) 307-0837
Fax (602) 307-0838
Email markgiunta@giuntalaw.com
Email liz@giuntalaw.com

*Attorneys for Debtors Eric and Lisa Mansfield*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>AZ HONKY TONK, LLC,<br><br>Debtor. | Chapter 11 Proceedings<br>Case No. 2:15-bk-05497-PS<br>Case No. 2:15-bk-05499-PS<br>Case No. 2:15-bk-06253-PS<br>(Jointly Administered) |
| In re:<br><br>WADDELL'S LONGHORN CORRAL, LLC,<br><br>Debtor. | |
| In re:<br><br>ERIC JAMES MANSFIELD AND LISA MAY MANSFIELD,<br><br>Debtors. | |
| This filing applies to:<br>☐ All Debtors<br>■ Specified Debtors: Eric and Lisa May Mansfield | |

**PLAN OF REORGANIZATION DATED OCTOBER 7, 2015
PROPOSED BY THE DEBTORS ERIC JAMES AND LISA MAY MANSFIELD**
_____

# ARTICLE I

## DEFINITIONS

**1.01** **Defined Terms**. The capitalized terms used in this Plan shall have the meanings as set forth in **Appendix A** attached hereto.

**1.02** **Undefined Terms**. Terms and phrases, whether capitalized or not, that are used and not defined in Appendix "A" attached hereto, but are defined by the Bankruptcy Code, have the meanings ascribed to them in the Bankruptcy Code.

**1.03** **Interpretation**. The headings in this Plan are for convenience and reference only and shall not limit or otherwise affect the provisions hereof. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

# ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01** **General**. For the purposes of organization only with respect to administrative expenses and for purposes of organization, voting and all Confirmation matters with respect to all Claims of Creditors of the Debtors, this Plan classifies Claims in separate and distinct Classes as follows:

**2.02** **Class 1: Administrative Expenses**. Class 1 shall consist of the costs and expenses of administration as defined in § 503 of the Bankruptcy Code for which application or allowance is made, or a Claim is filed, as the same are allowed, approved, and ordered paid by the Court. Administrative Expenses shall consist of: (1) all Claims arising under § 330 of the Bankruptcy Code, including reasonable compensation for actual and necessary services rendered by a professional person (including attorneys) and by any paraprofessional persons employed by such, based on, among other things, the nature, extent and value of such services, the time spent on such

services, and the cost of comparable services other than in a case under Title 11; (2) the costs and expenses of the administration of this proceeding, including, but not limited to, any Bankruptcy Court Clerk fees or Court Reporter's fees which have not been paid, the cost of reproduction and mailing of this Plan and the Disclosure Statement; (3) any post-petition operating expenses of the Debtors which are due and unpaid at Confirmation; and (4) the actual and necessary costs of preserving the Estate.

As of September 30, 2015, the amount owed to Debtors' counsel is approximately $12,985.19.

Class 1 also expressly includes any outstanding pre-confirmation quarterly fee payments owed by the Debtors to the United States Trustee.

2.03    **Class 2: Priority Claims**.  Class 2 consists of all Allowed obligations, including tax obligations, of the Debtors which are entitled to priority under § 507(a)(8) of the Bankruptcy Code.

2.04    **Class 3A: Secured Claim of Bank of America, NA.**  Class 3A consists of the Allowed Secured Claim of Bank of America, NA ("BA"), prior to an 11 U.S.C. § 506 determination, of an approximate principal amount of $253,112.47 secured by a lien in first position on real property located at 3809 North 197th Avenue, Buckeye, Arizona 85396 ("197th Property").

2.05    **Class 3B: Secured Claim of Credit Union West.**  Class 3B consists of the Allowed Secured Claim of Credit Union West ("CUW"), prior to an 11 U.S.C. § 506 determination, of an approximate principal amount of $83,993.39 secured by a lien in second position on real property located at 3809 North 197th Avenue, Buckeye, Arizona 85396 ("197th Property").

**2.06    Class 3C: Secured Claim of UPS Capital Business Credit.** Class 3C consists of the Allowed Secured Claim of UPS Capital Business Credit ("UPS"), prior to an 11 U.S.C. § 506 determination, of an approximate principal amount of $1,081,169.12 secured by a lien in first position on a parcel of raw land, identified as Parcel No. 400-58-116A with the Maricopa County Recorder's Office, located at South Tuthill Road, Goodyear Arizona ("Tuthill Parcel").

**2.07    Class 3D: Secured Claim of Ally Capital.** Class 3D consists of the Allowed Secured Claim of Ally Capital, prior to an 11 U.S.C. § 506 determination, of an approximate principal amount of $8,180.60 as of September 30, 2015 secured by a lien on a 2012 GMC Savana (VIN No. 1GTW7FCA1C1152042) ("Savana").

**2.08    Class 3E: Secured Claim of JPMorgan Chase Bank, N.A.** Class 3E consists of the Allowed Secured Claim of JPMorgan Chase Bank, N.A. ("JPMC"), prior to an 11 U.S.C. § 506 determination, of an approximate principal amount of $40,952.18 secured by a lien on a 2014 GMC Yukon Denali (VIN No. 1GKS2MEF7ER175621) ("Denali").

**2.09    Class 4: Unsecured Creditors Arising On Account of Any Deficiency Claims.** Class 4 consists of the Allowed Unsecured Claims on account of any deficiency claims. These Claims shall be determined after the Court has conducted an 11 U.S.C. § 506 determination of secured status as to the Creditors holding Claims secured by the real property assets of the Debtors. Any Creditors asserting such a Claim must do so by filing a Proof of Claim for the same within 30 days of the date of the entry of the Order by the Court setting forth is 11 U.S.C. § 506 determination of secured status as to that particular Creditor or the date of Confirmation whichever is earlier.

**2.10 <u>Class 5: Claims of General Unsecured Creditors</u>.** Class 5 consists of the Allowed Unsecured Claims, other than the deficiency claims set forth in Class 4, which the Debtors estimate to be approximately $2,448,094.79.

**2.11 <u>Class 6: Equity Security Holders</u>.** The Debtors are individual debtors and therefore are not going to separately classify equity security holders as claimants.

**2.12 <u>Elimination of Classes</u>.** Any Class that is not occupied as of the date of the hearing on confirmation of this Plan by an Allowed Claim or a Claim temporarily allowed pursuant to Rule 3019 of the Bankruptcy Rules shall be deemed deleted from this Plan for purposes of voting on acceptance or rejection of this Plan and for the purpose of determining whether this Plan has been accepted by such Class pursuant to Section 1129 of the Bankruptcy Code.

## ARTICLE III

### IDENTIFICATION OF IMPAIRED CLASSES OF
### CLAIMS AND EQUITY INTERESTS

**3.01 <u>Impaired Classes of Claims</u>.** Classes 3A, 3B, 3C, 3D, 3E, 4, and 5 are impaired under this Plan. Administrative Expenses (Class 1) and Priority Tax Claims (Class 2) are treated in accordance with Section 1129(a)(9) of the Bankruptcy Code unless otherwise agreed to by the claimant. All other classes are unimpaired.

**3.02 <u>Impairment Controversies</u>.** If a controversy arises as to whether any Claim or any class of Claims is impaired under this Plan, such class shall be treated as specified in this Plan unless the Bankruptcy Court shall determine such controversy upon motion of the party challenging the characterization of a particular Class or Claim under this Plan.

# ARTICLE IV

## ACCEPTANCE OR REJECTION OF PLAN;
## EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS

**4.01** **Classes Entitled to Vote**. Each impaired Class of Claims shall be entitled to vote separately to accept or reject this Plan. Any unimpaired Class of Claims shall not be entitled to vote to accept or reject this Plan.

**4.02** **Creditors Not Entitled to Vote**. Only Creditors holding Claims that are not contested may vote for the Plan unless authorized by the Court to do so after motion and court order entered prior to the Confirmation hearing unless Debtors stipulate to allow a Creditor temporary voting privileges.

**4.03** **Class Acceptance Requirement**. A Class of Claims shall have accepted this Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims of such class that have voted on this Plan.

**4.04** **One Vote Per Holder**. If a holder of a Claim holds more than one Claim in any one class, all Claims of such holder in such Class shall be aggregated and deemed to be one Claim for purposes of determining the number of Claims voting on this Plan.

**4.05** **Cramdown**. Notwithstanding the rejection or deemed rejection of this Plan by any class of Claims, Debtors shall request that the Bankruptcy Court confirm this Plan in accordance with Section 1129(b) of the Bankruptcy Code.

# ARTICLE V

## TREATMENT OF ADMINISTRATIVE EXPENSES
## AND CLASSES NOT IMPAIRED UNDER THE PLAN

**5.01** **Class 1: Administrative Expenses**. The allowed amount of Administrative Expenses shall be paid:

(A)     On the later of:  (1) the Effective Date; or (2) ten days after an Order approving the Administrative Expenses is entered if the Claim is one of a professional person employed under Sections 327 or 1103 of the Bankruptcy Code or otherwise employed by the Bankruptcy; or (3) for all other Administrative Expenses, twenty days after the Claim becomes an Allowed Claim;

(B)     The Allowed Administrative Claim of Debtors' counsel, the Law Office of Mark J. Giunta, shall be paid by the Debtors over time commencing with a $4,500 payment on the Effective Date and a $2,000 every three months thereafter until the Allowed Administrative Claim of Debtors' counsel, the Law Office of Mark J. Giunta, is paid in full; or,

(C)     Through such other treatment as may be agreed in writing by such holder of an Administrative Expense or as expressly set forth herein; provided, however, an Allowed Administrative Expense representing a liability incurred in the ordinary course of business shall be paid by Debtors upon presentment or otherwise in accordance with the terms of the particular transaction and any agreements relating thereto.

**5.02    Class 2: Priority Claims**. Debtors will pay all Allowed Class 2 Claims arising on account of a tax, to the extent any exist, in five (5) even annual cash payments, commencing one year after the Petition Date, a value as of the Effective Date of the Plan equal to the allowed amount of such claim consistent with 11 U.S.C. § 1129(a)(9)( C).

All other Class 2 Claims shall be paid:

(A)     On the later of:  (1) the Effective Date; or (2) twenty days after the Claim becomes an Allowed Claim; or

(B)     Through such other treatment as may be agreed by the Priority Claim Holder.

# ARTICLE VI

## TREATMENT OF CLASSES IMPAIRED UNDER THE PLAN

**6.01     Class 3A:  Secured Claim of Bank of America, NA.**

The Allowed amount of the Secured Claim of BA secured by the 197th Property as defined above in Class 3A shall be paid pursuant to the terms of the existing contract(s) between the Debtors and BA giving rise to this Claim with the exceptions that there shall be no attorney's fees or other charges, fees, or penalties arising on account of this bankruptcy and there shall be no prepayment penalties.  BA shall retain its lien in the 197th Property.

**6.02     Class 3B:  Secured Claim of Credit Union West.**

The Allowed amount of the Secured Claim of CUW secured by the 197th Property as defined above in Class 3B shall be paid pursuant to the terms of the existing contract(s) between the Debtors and CUW giving rise to this Claim with the exceptions that there shall be no attorney's fees or other charges, fees, or penalties arising on account of this bankruptcy and there shall be no prepayment penalties.  CUW shall retain its lien in the 197th Property.

**6.03     Class 3C:  Secured Claim of UPS Capital Business Credit.**

The Allowed amount of the Secured Claim of UPS secured by the Tuthill Parcel as defined above in Class 3C shall be determined by the Court pursuant to 11 U.S.C. § 506 to be in the amount of $12,000.00.  The Allowed Secured Claim Amount shall be paid monthly based on a 360 month amortization of the Allowed Secured Claim Amount at a fixed 5.25% per annum interest.  The monthly payment to UPS shall be in the amount of $66.26 (principal and interest) commencing the first day of the second month after the Effective Date.  There shall be no prepayment penalties or additional loan fees.

To the extent there is any indebtedness owed to UPS left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

Alternatively, if UPS elects pursuant to 11 U.S.C. § 1111(b)(1)(A)(i) to, instead have its Allowed Claim paid in full, the Allowed Claim Amount shall be paid monthly based on a 360 month amortization without interest and no interest shall accrue on said claim. The monthly payment to the Claimant shall commence the first day of the second month after the Effective Date. UPS shall retain all its liens and security interests in the Tuthill Parcel to the extent it holds an Allowed Secured Claim in the same as determined by the Court pursuant to 11 U.S.C. § 506 until the completion of the payments called for herein. In the event that the schedule of payments called for by the election is less than the present value of the Allowed Secured Claim within the meaning of 11 U.S.C. § 1129(b)(2)(i)(A)(II) any difference shall paid to the Secured Creditor with the final payment.

At any time within four years of the Effective Date, the Debtors shall have the right to surrender the Tuthill Parcel to UPS in full satisfaction of any and all Claims held by UPS against the Debtors.

**6.04    Class 3D:  Secured Claim of Ally Capital.**

Ally Capital shall retain all its liens and security interests in the Savana. Ally Capital's existing loan agreements, promissory notes, financing agreements, UCC-1 financing statements, deeds of trusts and any related contracts with the Debtors shall continue in force and effect except as modified herein. Any and all pending Uniform Commercial Code sales, collateral sales, auctions, deed of trust sales, or any other foreclosure actions, by Ally Capital regarding the Savana shall be deemed vacated or cancelled, and any default by the Debtors shall be deemed cured as of the Petition Date. Interest shall accrue only on a non-default basis after the Petition

Date except in the event of an uncured post-confirmation default. No late fees or other penalties shall be charged after the Petition Date except in the event of an uncured post-confirmation default. The Debtors shall incur no pre-payment penalty while still owing its obligation to Ally Capital.

Ally Financial shall have an Allowed Secured Claim in the amount of $8,180.60, reduced in the amount of any post-petition payments. The Allowed Secured Claim shall be paid based on a 60 month amortization at the current contract fixed rate of 0% per annum. The monthly payment to the Claimant shall be in the amount of $136.34 (principal and interest) commencing the first day of the first month after the Effective Date. There shall be no prepayment penalties or additional loan fees.

### 6.05    Class 3E:  Secured Claim of JPMorgan Chase Bank, N.A.

The Allowed amount of the Secured Claim of JPMC secured by the Denali as defined above in Class 3E shall be determined by the Court pursuant to 11 U.S.C. § 506. The Debtors' updated valuation of the Denali establishes a current section 506 valuation of $35,000.00.

The Allowed Secured Claim shall be paid based on a 60 month amortization at a current contract fixed rate of 2.9% per annum interest. The monthly payment to the Claimant shall be in the amount of $627.35 (principal and interest) commencing the first day of the second month after the Effective Date. There shall be no prepayment penalties or additional loan fees. To the extent there is any indebtedness owed to JPMC left unpaid by this treatment, the Creditor may assert a Class 4 Unsecured Deficiency Claim against the Estate.

At any time within four years of the Effective Date, the Debtors shall have the right to surrender the Denali to JPMC in full satisfaction of any and all Claims held by JPMC against the Debtors.

**6.06   Additional Treatment Applicable To Secured Class 3A through 3E.**

Secured Classes 3A through 3E shall send to the Reorganized Debtors a mortgage statement or account statement every 30 days prior to the date of each payment called for by the Plan that includes all necessary contact and payment information including but not exhausted by the Creditor's mailing address for payments, account number assigned by the Creditor, and the monthly payment amount including any additional sums being impounded such as for real property taxes or insurance.

**6.07   Class 4: Claims of Unsecured Deficiency Creditors.**   The Allowed Claims of the Class 4 Claims of Unsecured Deficiency Creditors will be treated identically as Class 5 General Unsecured Creditors.

**6.08   Class 5: Claims of General Unsecured Creditors.**   The Allowed Claims of the General Unsecured Creditors shall be treated as follows:

Allowed General Unsecured Creditors shall be paid an aggregate sum of $35,000.   This aggregate sum shall be paid on a pro rata basis with quarterly payments of $1,000 commencing on the Effective Date and continuing for 30 months and then thereafter increasing to $3,000 every three months until the aggregate sum of $35,000.00 is paid in full.

**6.09   Class 7: Interests of Equity Security Holders.**   The Debtors are individuals and do not have equity interest in a separate debtor entity.

**ARTICLE VII**

**IMPLEMENTATION OF THE PLAN**

**7.01   Procedure To Implement The Plan.**   On the date of Plan Confirmation, or prior to where applicable, the following events shall occur:

The Debtors shall:

a.  Determine the amounts of all allowed Class claims.

b.  Execute any documents necessary to implement Plan.

c.  Contingent on the confirmation of plans of reorganization in the affiliated AZ Honky Tonk, LLC (Case No. 2:15-bk-05497-PS) ("AZHT") and Waddell's Longhorn Corral, LLC (Case No. Case No. 2:15-bk-05499-PS) ("WLC") Chapter 11 bankruptcy proceedings, make a $25,000 lump sum payment to AZHT ($10,000) and WLC ($15,000) from exempt proceeds. After which, Debtors will continue to make monthly payments to WLC in the amount of $250.00 per month and AZHT in the amount of $250.00 per month for 60 months from the Effective Date to assist WLC in paying its rental obligations to UPS and to assist AZHT and WLC in making their Plan payments. The Debtors shall retain their equity interests in AZHT and WLC.

d.  File with the Court post-confirmation quarterly reports, and provide a copy of the same to the United States Trustee, as required by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a final decree is obtained in this case. The Debtors shall pay any post-confirmation quarterly fees as required by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a final decree is obtained in this case.

**7.02** __The Reorganized Debtors Shall Serve As The Disbursing Agent__. The Debtors shall become the Disbursing Agent on the day after the Effective Date to serve as Disbursing Agent for all payments to be made to the Classes under the Plan.

Case 2:15-bk-06253-PS    Doc 53    Filed 10/07/15    Entered 10/07/15 14:28:25    Desc
Main Document    Page 12 of 35

a. **Duties of the Disbursing Agent**. The Disbursing Agent shall receive, disburse and account to the Court, the Creditors, Equity Security Holders and other parties in interest for the assets, and shall be responsible for reviewing and approving all claims (all disputes to be resolved by the Court), keep adequate records of all transactions, receipts and disbursements, communicating with, and advising all Creditors, Debtors and other parties in interest as needed, and such other duties as may be consistent with the responsibilities of a Disbursing Agent.

The Disbursing Agent shall also have the right to object to the allowance of any Claim on behalf of the Debtors. These actions may necessitate use of legal services and incurring legal expenses.

The Disbursing Agent on behalf of the Reorganized Debtors shall file with the Court post-confirmation quarterly reports, and provide a copy of the same to the United States Trustee, as required by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a final decree is obtained in this case. The Disbursing Agent on behalf of the Reorganized Debtors shall pay any post-confirmation quarterly fees as required by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases until a final decree is obtained in this case. The Disbursing Agent shall acknowledge and assume these duties, and all other obligations of Disbursing Agent set forth herein, by its execution of an acceptance on the notice of the appointment of the Disbursing Agent to be filed with Court pursuant to Section 7.02 of the Plan.

b. **Termination of Disbursing Agents' Duties**: The final distribution pursuant to the terms of the Plan set forth herein shall discharge the Disbursing Agent.

c. **Compensation of Disbursing Agent.** The Disbursing Agent shall not receive any compensation other than the reimbursement of any actual out of pocket costs incurred

Case 2:15-bk-06253-PS   Doc 53   Filed 10/07/15   Entered 10/07/15 14:28:25   Desc
Main Document    Page 13 of 35

by the Disbursing Agent in performing the duties authorized by this Plan which may include legal fees and expenses.

**7.03** **Effectuating Documents**. On or before the Effective Date, the Reorganized Debtors shall file with the Bankruptcy Court such agreements, indentures, instruments and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

**7.04** **Property Vests In The Reorganized Debtors**. All Property, assets and rights of the estate of the Debtors shall vest in the Reorganized Debtors, free and clear of all liens, Claims and encumbrances of any kind whatsoever unless expressly provided for under this Plan. The Reorganized Debtors shall be able to manage their affairs, subject only to the limitations set forth in this Plan, without the requirement of further orders from the Bankruptcy Court.

**7.05** **Minimum Distributions**. The distributions to holders of Claims pursuant to the Plan are minimum distributions only, and the Reorganized Debtors shall have the right and discretion, at all times, to make full or partial prepayments without penalty to holders of Claims.

**7.06** **Unclaimed Monies**. All distribution of money under the Plan which are returned by the Post Office undelivered or which cannot be delivered due to lack of a current address will be retained by the Disbursing Agent, in trust, in a federally insured bank for the distributee; after the expiration of six months from the date of the first attempted distribution, the unclaimed monies, stock, and all future distributions will be redistributed pro rata to the other distributees, free of any Claim by the distributee.

**7.07** **Void Nature Of Any Post-Petition Trustee's Sales Or Foreclosures**. Any trustee's sales or other forms of foreclosure of the Debtors' real property undertaken after the Petition Date in violation of the 11 U.S.C. §362 are hereby deemed void. Any Creditor, Creditor's

affiliate or agent, or other party, who purported to undertake such a trustee's sale or foreclosure of the Debtors' real property shall use best efforts to correct and document the void nature of their act(s) and document and correct any public record of such a void trustee's sale or foreclosure. The remedy for enforcing this provision expressly includes, but is not exhausted by, that of specific performance and injunction without the need for a bond by the Debtors.

       **7.08**   **Binding To Debtors And Creditors**. Upon the entry of the Confirmation Order, this Plan shall bind the Debtors now known as the Reorganized Debtors, Equity Security Holders of the Debtors, any entity acquiring or being distributed any property under this Plan, any Creditor, whether or not their Claims and interests are impaired under this Plan and whether or not they have accepted this Plan.

**ARTICLE VIII**

**CONDITIONS OF CONFIRMATION**

       **8.01**   **Conditions To Confirmation Of The Plan**. It shall be a condition precedent to the Confirmation of this Plan that the Final Order provide for:

          **(a)**     Confirmation of this Plan;

          **(b)**     To supplement the injunctive provisions of § 524 of the Bankruptcy Code, except as provided in this Plan or the Confirmation Order, as of the Confirmation Date, all persons or entities and governmental units shall be stayed, restrained and enjoined from taking any of the following actions on account of any such discharge Claims, debts or liabilities: (i) commencing or continuing in any manner any action or other proceeding against the Reorganized Debtors, or its property; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting or recovering in any manner any judgment, award, decree or order against the Reorganized Debtors, or its property; (iii) creating, perfecting or enforcing in any manner, directly or indirectly, any lien or encumbrance against the Reorganized Debtors, or any of its property, or

any direct or indirect transferee of any property of, or any direct or indirect successor in interest to, or any property of such transferee or successor; (iv) setting-off, seeking reimbursement of, contribution from, subrogation against or otherwise recouping in any manner directly or indirectly, any amount owed to the Reorganized Debtors, or any direct or indirect transferee of any property of, or any successor in interest to the Reorganized Debtors, commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of this Plan.

Pursuant to the Plan, none of the Debtors, (collective, the "Released Parties") shall have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys or affiliates, or any of their successors or assigns for any act or omission in connection with, relating to or arising out of the Chapter 11 case, any settlement related to the Chapter 11 case, the negotiation and execution of a proposed Plan, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Estate or of the Plan, issuance and distribution of any securities issued or to be issued pursuant to the Plan, or the property to be distributed under the Plan, except only to the extent that liability is based on willful misconduct. The Released Parties shall be entitled to reasonably rely on the advice of counsel with respect to their duties and responsibilities under the Plan, or in the context of the Bankruptcy Case; and

**(c)** Acceptance or rejection of this Plan was solicited in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and no Person conducting or participating in solicitation, including Debtors, shall be liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation government solicitation of acceptance or rejection of a plan of reorganization.

# ARTICLE IX

## GENERAL PROCEDURES FOR OBJECTING TO CLAIMS AND RESOLVING AND TREATING CONTESTED AND CONTINGENT CLAIMS

**9.01    Claim Objection Deadline**. Unless another date for any particular Claim or Claims is established by the Bankruptcy Court or this Plan, all objections to Claims shall be filed with the Clerk of the Bankruptcy Court and served on the holders of such Claims (unless earlier filed) by the later of 90 days after the Effective Date or the date that is ninety (90) days after a particular proof of Claim (or a request for payment in the case of Administrative Claim) has been filed. If an objection has not been filed to a Claim by the deadlines established herein, the Claim shall be treated as an Allowed Claim; provided, however, that no objection shall be required if a Claim was not listed on the Schedules or was listed on the Schedules as disputed, contingent or unliquidated, or was not evidenced by a timely filed proof of Claim. No such unlisted, disputed, contingent, unliquidated or unfiled Claim shall be treated as an Allowed Claim, except pursuant to a Final Order so providing. The objection deadlines established herein shall not apply to Claims and causes of action that must be asserted through an adversary proceeding.

**9.02    Preservation Of Objections To Claims**. Except as otherwise provided in this Plan or in the Confirmation Order or other Final Order, no compromise, waiver or release of Claims, demands or causes of action, that may be provided for in this Plan or in any Final Order of the Court shall, in any way, limit or impair the right of the Reorganized Debtors to prosecute objections to Claims, and the Reorganized Debtors hereby retain all objections to the allowability of a Claim and all defenses associated with such objections.

**9.03    No Distributions Pending Resolution Of Objections**. Notwithstanding any other provision of this Plan, no distributions shall be made with respect to a contested Claim (or any

contested portion of a Claim, if such Claim is not severable) by the Reorganized Debtors unless and until all objections to such contested Claim have been determined by Final Order.

        **9.04**     **<u>Interest On Contested Claims And Contingent Claims</u>**. No interest shall accrue on a contested Claim during the period from the Effective Date until the date on which the Claim is allowed, if ever, and no interest shall accrue on a contingent Claim during the period from the Effective Date until the date on which the Claim becomes fixed and absolute or is otherwise allowed, if ever; provided that a contested Claim or a contingent Claim that is specifically entitled to post-confirmation interest by the terms of this Plan, and that is ultimately allowed, shall accrue post-confirmation interest from the Effective Date.

        **9.05**     **<u>Treatment Of Contingent Claims</u>**. Until such time as a contingent Claim or a contingent portion of an Allowed Claim becomes fixed and absolute or is disallowed, such Claim shall be treated as a contested Claim for all purposes related to the distributions under this Plan; provided, however, that the distribution entitlements shall arise only from the date on which a contingent Claim becomes fixed and absolute or is otherwise allowed.

        **9.06**     **<u>Disallowance Of Post-Petition Additions</u>**. The Reorganized Debtors shall not be required to make specific objection to proofs of Claim that allege a right to recover post-petition interest, penalties, fees, and other accruals with respect to pre-petition Claims (except Secured Claims entitled to such accruals pursuant to § 506(b) of the Bankruptcy Code), and any Claim amounts attributable to such post-petition interest, penalties, fees and other accruals shall be disallowed in full upon entry of the Confirmation Order.

        **9.07**     **<u>Settlement And Resolution Of Disputed and Undisputed Claims</u>**. The Reorganized Debtors shall be authorized to settle or resolve, without Court approval, any disputed

or undisputed Claims with a settlement payment amount that does not exceed five thousand dollars ($5,000).

**9.08    Preservation Of Debtors' Claims, Demands And Causes Of Action**. All claims, demands and causes of action held by, through or on behalf of the Debtors, against any other person or entity, are hereby preserved in full, unless otherwise provided by this Plan; and no provision of this Plan shall impair the rights of the Reorganized Debtors with respect to any of such claims, demands and causes of action to prosecute and defend against any such preserved claims, demands and causes of action.

## ARTICLE X

## GENERAL PROVISIONS

**10.01    Post-Confirmation Operating Of The Automatic Stay**. Any lawsuits pending in any court (other than the Bankruptcy Court) that seek to establish Debtors' liability on pre-petition Claims and that are stayed pursuant to § 362 of the Bankruptcy Code, shall be dismissed as of the Effective Date unless the Reorganized Debtors elect to have their liability determined by such other courts. Any pending motions to lift or vacate the automatic stay shall be deemed denied as of the Effective Date and the stay shall remain in effect. Any such pre-petition Claims shall be determined as provided in this Plan.

**10.02    Prohibition Against Discriminating Treatment Against The Reorganized Debtors**. No individual, entity or government may discriminate against the Reorganized Debtors solely because of the commencement, continuation or termination of this Chapter 11 proceeding, or because of any provision of this Plan, or the legal effect of this Plan, and the Confirmation Order shall constitute an express injunction against such discriminating treatment.

**10.03** **Compliance With Tax Requirements**. In connection with this Plan, the Reorganized Debtors shall comply with all withholding and reporting requirements imposed by federal, state and local taxing authorities.

**10.04** **Insurance**. The Reorganized Debtors shall use its best efforts to maintain insurance on any non-exempt pre-petition property they retain pending completion of distributions to Creditors.

**10.05** **Termination Of Adequate Protection Payments**. Upon the entry of a Confirmation Order by the Court, any and all payments to Secured Creditors for adequate protection shall be terminated.

**10.06** **No Additional Charges**. Except as expressly stated in this Plan, or as allowed by Court order, no interest, penalty, late charge or additional charges (such as attorneys' fees) shall be allowed on any Claim subsequent to the Filing Date.

**10.07** **Deficiency Claims**. Unsecured Creditors whose Claims arise out of a deficiency resulting from the abandonment of Collateral to a previously Secured Creditor or resulting from orders granting relief from the provisions of § 362 of the Bankruptcy Code, must file their Claims within thirty (30) days after Confirmation of this Plan unless the Court enters an Order making an 11 U.S.C. § 506 determination of secured status as to the subject Unsecured Creditor prior to Conformation in which case said Unsecured Creditor must filed its Claim within thirty (30) days after the entry of said Order.

**10.08** **Barring Of Claims**. The entry of the Confirmation Order shall permanently bar the filing and asserting of any Claims against the Debtors which arose or relate to the period of time prior to the Confirmation Date, which were listed by the Debtors in its Schedules and Statement Of

Financial Affairs (as amended) filed with the Court or were not evidenced by timely and proper proofs of Claim filed with the Court.

**10.09** <u>**Amount Of Claims**</u>. All references to Claims and amount of the Claims refer to the amount of the Claims as allowed by the Court. The Debtors reserves the right, both before and within sixty days after the Effective Date, to object to Claims so as to have the Court determine the amount allowed to be paid under this Plan.

**10.10** <u>**Remedies To Cure Defects**</u>. After Confirmation, the Reorganized Debtors may, with the approval of the Court, and so long as it does not materially and/or adversely affect the interest of Creditors, remedy any defect or omission, or reconcile any inconsistencies in this Plan, or in the Confirmation of this Plan, in such a manner as may be necessary to carry out the purposes and the intent of this Plan.

**10.11** <u>**Retention Of Jurisdiction**</u>. After the Effective Date, the Bankruptcy Court shall retain and have exclusive jurisdiction over the Chapter 11 cases for the following purpose:

    **(a)**    To determine any and all objections to the allowance of Claims;

    **(b)**    To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or this Plan;

    **(c)**    To determine any applications for the rejection or assumption of executory contracts or unexpired leases or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtors is a party or with respect to which the Debtors may be liable, and to hear and determine, and if need be, to liquidate any and all Claims arising therefrom;

(d)     To determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date;

(e)     To consider any modifications of this Plan, remedy and defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

(f)     To determine any and all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan or any person's or entity's obligations thereunder;

(g)     To determine all controversies, suits and disputes arising as a result of a demand by any utility for a deposit or other form of security as a condition to providing post-confirmation utility services to the Debtors;

(h)     To determine all controversies, suits and disputes of this Plan as a result of discriminatory treatment of the Debtors;

(i)     To hear and determine any Claim or cause of action by or against the Debtors, and to consider and act on the compromise and settlement of any Claim or cause of action by or against the Debtors;

(j)     To issue such orders in aid of execution of this Plan, as are authorized by § 1142 of the Bankruptcy Code; and

(k)     To determine such other matters as may be set forth in the Confirmation Order or as may arise in connection with this Plan or the Confirmation Order.

**10.12   <u>Modification Of Plan</u>**. Modifications of this Plan may be proposed in writing by Debtors at any time before Confirmation, provided that this Plan, as modified, meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code, and Debtors shall have complied with

§ 1125 of the Bankruptcy Code. This Plan may be modified at any time after Confirmation and before its substantial consummation, provided that this Plan, as modified, meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and hearing, confirms this Plan, as modified, under § 1129 of the Bankruptcy Code, and the circumstances warrant such modification. A holder of a Claim that has accepted or rejected this Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

**10.13   Severability**. Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Plan. Furthermore, if the Bankruptcy Court will not confirm this Plan because one or more provisions hereof are determined to be prohibited or invalid under applicable law, Debtors may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

**10.14   Revocation Of Plan**. Debtors reserve the right to revoke and/or withdraw this Plan prior to entry of the Confirmation Order. If the Debtors revokes and/or withdraws this Plan, or if Confirmation of this Plan does not occur, then this Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtors or any other person or entity or to prejudice in any manner the rights of the Debtors or any person or entity in any further proceeding involving the Debtors.

**ARTICLE XI**

**DISCHARGE OF DEBTORS**

**11.01   Discharge Of The Debtors**. Except as otherwise provided in this Plan or in the Confirmation Order, the rights afforded under this Plan, the treatment of Claims under this Plan, and the completion of the payments called for by section 6.14 (payments to the Allowed Unsecured Creditors), shall be in exchange for and in complete satisfaction, discharge and release of all Claims including any interest or Claims from the Petition Date.  The Debtors' completion of the payments called for by section6.14, shall discharge the Debtor from all Claims or other debts, liabilities or obligations of any kind or nature, that arose, in whole or part, before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not a proof of Claim based on such debt is timely filed or deemed filed pursuant to § 501 of the Bankruptcy Code, a Claim based on such debt is allowed pursuant to § 502 of the Bankruptcy Code, or the holder of a Claim based on such debt has accepted this Plan.

**11.02   Effect Of Discharge On Other Entities**. Pursuant to § 524(e) of the Bankruptcy Code, except as otherwise provided in this Plan, the discharge of a debt of the Debtors, pursuant to this Plan, shall not affect the liability of any other entity on, or the Property of any other entity for, such debt.

**11.03   Modification Of Plan Due To Default**. If any Creditor holding an Allowed Claim seeks such an Order, the Debtors may seek modification of the Plan prior to entry of the Order based upon good cause for the default and reasonableness of the modification.

//

//

//

**ARTICLE XII**

**TREATMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES**

**12.01** <u>**Description of Executory Contracts**</u>. The Debtors have no executory contracts in the capacity as a lessor or lessee.

**12.02** <u>**Rejected If Not Assumed**</u>. All contracts and leases of Debtors that constitute executory contracts or unexpired leases as of the date of filing the Chapter 11 petition for relief shall be rejected as of the Effective Date, except for the leases set forth or described in Section 12.01.

**12.03** <u>**Disputes As To Executory/Unexpired Status**</u>. Notwithstanding § 12.02 above, if on the Effective Date there is a pending dispute as to whether a contract is executory or a lease is unexpired, Debtors' right to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after entry of a Final Order by the Bankruptcy Court determining that the contract is executory or the lease is unexpired.

**12.04** <u>**Expired Contracts Or Leases**</u>. Any contract or lease that expired pursuant to its terms prior to the Effective Date, and that has not been assumed or rejected by Final Order prior to the Effective Date, is hereby specifically rejected.

**12.05** <u>**Bar To Rejection Damages**</u>. If the rejection or an executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not heretofore evidenced by a filed proof of Claim, shall be forever barred and shall not be enforceable unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtors as follows: (a) if the Claim arises from the rejection of an executory contract or unexpired lease by operation of any provision of this Plan, thirty (30) days after the date of service of notice of the Effective Date; (b) if the Claim arises from the rejection of an executory contract or unexpired lease pursuant to a Final Order of the Bankruptcy Court (other than the Confirmation Order)

authorizing rejection of such contract or lease, thirty (30) days after service of notice of the entry of such Final Order; or (c) if the Claim arises from the rejection of an executory contract or unexpired lease that is rejected after withdrawal of the assumption thereof, thirty (30) days after service of notice of the assumption withdrawal. The foregoing applies only to Claims arising from the rejection of an executory contract or unexpired lease; any other Claims held by a party to a rejected contract or lease shall have been evidenced by a proof of Claim filed by earlier applicable bar dates or shall be barred and unenforceable.

   **12.06  Cure Of Defaults Upon Assumption**. Upon the assumption of any executory contract or unexpired lease (including an executory contract or unexpired lease deemed to be such by assumption herein) including, without limitation, defaults by the Debtors specified in § 365(b)(10) of the Bankruptcy Code and any defaults by the Debtors specified in § 365(b)(2) of the Bankruptcy Code, shall be deemed cured except to the extent written demand for the cure of or demonstration of ability to cure any default has been filed with the Bankruptcy Court and served upon Debtors by the non-Debtors party to such executory contract or unexpired lease within thirty (30) days after the date of service of notice of the Effective Date. In the absence of a timely demand in accordance with the foregoing, Debtors' obligation to cure or demonstrate the ability to cure shall be deemed waived, released and discharged. If any non-Debtors party to such executory contract or unexpired lease timely serves and files such written demand, and Debtors files an objection in writing to such demand within thirty (30) days thereafter, the Bankruptcy Court shall, by the issuance of a Final Order, determine the amount actually due and owing in respect of such demand or shall approve the settlement of such demand. Debtors shall have thirty (30) days thereafter in which to effect such cure or withdraw ab initio their assumption of such executory contract or

unexpired lease whereupon such executory contract or unexpired lease shall be deemed to have been rejected as of the date of the Chapter 11 petition for relief.

12.07 <u>**Treatment of Claims Arising From Assumption Or Rejection**</u>. All Allowed Claims arising from the assumption of an executory contract or unexpired lease shall be treated as a General Unsecured Claim unless otherwise ordered by Final Order of the Bankruptcy Court. No such Claims are anticipated in this case. In the event no General Unsecured Class exists, but one is needed, the Debtors will create one with a modification.

## <u>TAX CONSEQUENCES</u>

The Proponent has not obtained a tax opinion at this time and therefore such party expresses no opinion as to the tax consequences of confirmation or implementation of the Plan to the holder of any claim or interest.

BECAUSE NO PROPONENT OF THE PLAN EXPRESSES ANY OPINION AS TO THE TAX CONSEQUENCES OF THE PLAN, IN NO EVENT WILL THE DEBTORS OR THEIR PRINCIPALS OR THEIR PROFESSIONAL ADVISORS, BE LIABLE IF, FOR ANY REASON, THE TAX CONSEQUENCES OF THE PLAN ARE NOT AS ANTICIPATED BY CREDITORS AND EQUITY INTEREST HOLDERS. THE DEBTORS' CREDITORS AND EQUITY INTEREST HOLDERS MUST LOOK SOLELY TO AND RELY SOLELY UPON THEIR OWN ADVISORS AS TO THE TAX CONSEQUENCES OF THE PLAN.

## <u>PROPONENT'S RECOMMENDATION</u>

The Debtors recommend that the creditors vote for the plan because they will receive a superior return to what they would receive in a liquidation and positive votes will enable the Debtors to obtain the confirmation of the plan as soon as possible which will result in the creditor's receiving a distribution sooner. For these and the other reasons noted herein, the Debtors urge you to vote to accept the Plan.

DATED this 7th day of October, 2015

LAW OFFICE OF MARK J. GIUNTA

By ___/s/ Mark J. Giunta SBN 015079
     Mark J. Giunta
     Liz Nguyen
     *Attorneys for Debtors*

Approved by Debtors:

/s/ Eric James Mansfield
Eric James Mansfield

/s/ Lisa May Mansfield
Lisa May Mansfield

A Copy of the foregoing was electronically filed
This 7th day of October, 2015 with the U.S. Bankruptcy Court.

COPY of the foregoing mailed (and/or served via
fax* or e-mail** if so marked) 7th day of October, 2015, to:

James L. Ugalde, Esq.
QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue Phoenix, Arizona
85004-2391
jim.ugalde@quarles.com
*Attorney for UPS Capital Business Credit*

Christopher J. Pattock
Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003
Christopher.J.Pattock@usdoj.gov

Bank of America, N.A.
Attn: Bankruptcy Dept.
Mail Stop CA6-919-01-23
400 National Way
Simi Valley, CA 93065

Michael Chen
McCarthy & Holthus, LLP
8502 East Via De Ventura, Suite 200
Scottsdale, AZ 85258
bknotice@mccarthyholthus.com
*Attorneys for Bank of America, N.A.*

Harold E. Campbell
Nicole S. Sandoval
Campbell & Coombs, P.C.
1811 South Alma School Road, Suite 225
Mesa, Arizona 85210
heciii@haroldcampbell.com
nicole@haroldcampbell.com
*Attorneys for Charles and Diann Mansfield*

Warren J. Stapleton
Osborn Maledon, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012
wstapleton@omlaw.com
*Attorney for Sysco Arizona*

1    Frank N. White
     Arnall Golden Gregory LLP
2    171 17th Street NW, Suite 2100
     Atlantic, GA 30363
3    frank.white@agg.com
     *Attorney for Sysco Arizona*
4

5    s/ Logan Schutz_____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# APPENDIX A

## DEFINITIONS

**Defined Terms**. For purposes of this Plan, the capitalized terms used in this Plan shall have the meanings as set forth below:

1.01 **Administrative Claims/Expenses**. Claims and expenses which are allowed pursuant to § 503(b) of the Bankruptcy Code and which are entitled to priority pursuant to § 507(a)(1) of the Bankruptcy Code.

1.02 **Allowed Claim**. A Claim (a) with respect to which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by the Federal Rules Of Bankruptcy Procedure, Rule 3003, or (b) scheduled in the list of Creditors prepared and filed with the Court pursuant to Federal Rules Of Bankruptcy Procedure, Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, and in either case, as to which no objection to the allowance thereof has been filed within any applicable period of limitation fixed by Federal Rules Of Bankruptcy Procedure, Rule 3007, the Plan, an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal and as to which no appeal is pending. An Allowed Claim shall not include unmatured or post-petition interest unless otherwise provided hereafter in the Plan.

1.03 **Allowed Secured Claim**. This term refers to and means a Claim that is both an Allowed Claim and a Secured Claim.

1.04 **Allowed Unsecured Claim**. This term refers to and means a Claim that is both an Allowed Claim and an Unsecured Claim.

1.05 **Ballot**. This term refers to and means the ballot for accepting or rejecting the Plan which will be distributed to holders of Claims in Classes that are impaired under this Plan and are entitled to vote on this Plan.

1.06 **Bankruptcy Code**. The Bankruptcy Code is the Bankruptcy Reform Act Of 1978, sometimes referred to as the Bankruptcy Code Of 1978, as contained in Title 11 U.S.C.A. § 101, et seq., and all amendments thereto.

1.07 **Bankruptcy Court or Court**. This term refers to and means the United States Bankruptcy Court for the District of Arizona, Phoenix Division, or any other court that exercises jurisdiction

over all or part of the Bankruptcy Cases, including the United States District Court for the District of Arizona to the extent that the reference of all or part of the Bankruptcy Cases is withdrawn.

       1.08    **Bankruptcy Rules**.   This term refers to and means the Federal Rules of Bankruptcy Procedure promulgated under 28 U.S.C. § 2075 and the local rules of Court, as applicable during the term of the Bankruptcy Cases.

       1.09    **Bankruptcy Cases**. This term refers to and means the above-captioned Chapter 11 case filed by Eric James Mansfield and Lisa May Mansfield.

       1.10    **Bar Date**. The last day the Court will allow a Proof of Claim to be filed in this bankruptcy proceeding. The Bar Date is usually the date set for the hearing on approval of the Disclosure Statement and notice of the Bar Date will accompany the notice setting the hearing on approval of the Disclosure Statement, unless another deadline has been set by the Court.

       1.11    **Business Day**.   This term refers to and means every day except Saturdays, Sundays, and holidays observed by the Bankruptcy Court.

       1.12    **Cash Collateral**.  Cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in § 552(b) of the Bankruptcy Code, whether existing before or after the commencement of a case under Title 11 of the Bankruptcy Code.

       1.13    **Chapter 11**. Chapter 11 of the Bankruptcy Code. Reference to section numbers are references to sections in the Bankruptcy Code 11 U.S.C. § 101, et seq., Public Law 95-598, effective October 1, 1979, as amended, unless otherwise specified.

       1.14    **Claim**. A right to (1) payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

       1.15    **Class**. One or more creditors grouped together as defined herein. The Plan is intended to deal with all Claims against the Debtors of whatever character, whether or not contingent or

liquidated, and whether or not allowed by the Court pursuant to § 502(a) of the Bankruptcy Code. However, only those Claims allowed pursuant to § 502(a) of the Bankruptcy Code will receive payment under the Plan.

    **1.16**  **Collateral**. Property which is pledged as security for the satisfaction of a debt. Collateral is additional security for performance of principal obligation, or that which is by the side, and not in direct line. Property subject to a security interest, including accounts, contract rights and chattel paper which have been sold.

    **1.17**  **Collateral Value**. Collateral Value is the fair market value of the any collateral as determined by the Court.

    **1.18**  **Confirmation**. The formal approval of the Bankruptcy Court of a Plan Of Reorganization.

    **1.19**  **Confirmation Date**. The date upon which the Confirmation Order is entered by the Court.

    **1.20**  **Confirmation Hearing**. This term refers to and means the hearing regarding confirmation of the Plan conducted by the Bankruptcy Court pursuant to Bankruptcy Code § 1128, including any adjournment or continuation of that hearing from time to time.

    **1.21**  **Confirmation Order**. The Final Order of the Court determining that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to Confirmation.

    **1.22**  **Creditor**. A Creditor or all Creditors of the Debtor holding Allowed Claims for the debts, liabilities, demands or Claims of any character whatsoever, as defined in § 101(4) of the Bankruptcy Code.

    **1.23**  **Debtor**. The Debtors Eric James Mansfield and Lisa May Mansfield. Debtor can be used interchangeably with Debtors.

    **1.24**  **Disclosure Statement**. The Disclosure Statement in support of Salvatore Abbate and Anna Maria Abbate's Plan of Reorganization in its present form, or as it may be amended or supplemented.

    **1.25**  **Disputed Claim**. This term refers to and means every Claim: (a) that is scheduled by the Debtors as disputed, contingent, or unliquidated; and/or (b) that is not an Allowed Claim.

    **1.26**  **Effective Date**. The date following the Confirmation Date after which no appeal of the Confirmation Order can be taken or fifteen (15) days from the Confirmation Date, whichever is later.

**1.27**   **Estate**.  This term refers to and means the bankruptcy estate of the Debtor created under Bankruptcy Code § 541.

**1.28**   **Executory Contract**.  This term refers to and means every unexpired lease and other contract which is subject to being assumed or rejected under Bankruptcy Code § 365.

**1.29**   **Final Order**. A Final Order is an order of the Court which, not having been reversed, modified or amended and not being stayed and the time to appeal from which or to seek review or rehearing of which having expired, and no such appeal, review, certiorari or rehearing is pending, has become conclusive of all matters adjudicated thereby and in full force and effect.

**1.30**   **Impaired/Impaired Class**  Under § 1124 of the Bankruptcy Code, a Class Of Claims is impaired under a Plan unless, with respect to each Claim of such Class:  (i) it is paid in full on the Effective Date of the Plan; (ii) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim entitles the holder to such Claim; or (iii) all defaults are cured, the original maturity of the Claim is reinstated and the Claim is otherwise treated as provided in clause (ii) above.

**1.31**   **Interests**.  This term refers to and means the rights of the members of the Debtor.

**1.32**   **Interpretation**.  The headings in this Plan are for convenience and reference only and shall not limit or otherwise affect the provisions hereof.  Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

**1.33**   **IRS**.  This term refers to and means the Internal Revenue Service.

**1.34**   **Personal Property**.  This term refers to and means all personal property owned by Debtor.

**1.35**   **Plan**.  This term refers to and means this Plan of Reorganization Proposed By the Debtor and every modification thereof, if any, filed by the Debtor.

**1.36**   **Plan Confirmation**.  Entry by the Court of an order confirming the Plan at or after a hearing held pursuant to § 1128 of the Bankruptcy Code.

**1.37**   **Preserved Lien(s)**.  Any liens required under § 1124(2) of the Bankruptcy Code.

**1.38**   **Priority Claim(s)**.  Any Claim or Claims entitled to priority pursuant to § 507(a) of the Bankruptcy Code other than a Tax Claim or a Claim for Administrative Expenses.

1.39 **Professional Charges**. This term refers to and means all professional fees and costs by professional persons approved by the Bankruptcy Court to serve the Debtors or the Committee which have accrued during the pendency of the Debtors' Bankruptcy Cases up to and including the Confirmation Date.

1.40 **Property**: All real and personal Property (individually or as a whole) of the estate of the Debtor as previously or hereafter determined by Final Order of a court of competent jurisdiction and/or as defined in § 541 of the Bankruptcy Code, including, but not limited to, any and all Claims or causes of action in favor of the Debtor against third parties (except as otherwise provided herein).

1.41 **Property Broker**. This term refers to and means the independent person engaged to market and sell the property or any portion thereof.

1.42 **Proponent**. This term refers to and means the Debtor who is proposing this Plan of Reorganization.

1.43 **Pro Rata**. This term refers to and means proportionally, so that the ratio of the consideration distributed on account of an Allowed Claim in the Class (or sub-class) and consideration distributed on account of all Allowed Claims in the Class (or sub-class) is the same as the ratio of the Allowed Claims in the Class (or sub-class).

1.44 **Real Property** Real Property owned by the Debtors.

1.45 **Reorganized Debtor**. The Debtors, after Confirmation of the Plan, and its successors and assigns.

1.46 **Secured Claim(s)**. Any Claims, other than a Tax Claim, secured by Property of the Debtor under a duly perfected security interest, to the extent of the value of the Collateral (security), as determined in accordance with § 506 of the Bankruptcy Code.

1.47 **Secured Creditor(s)**. All Creditors other than taxing entities, who hold a lien, security interest or other encumbrance which has been properly perfected as required by law with respect to Property owned by the Debtor.

1.48 **Tax Claim(s)**. Any Claim for taxes entitled to priority pursuant to § 507(a)(7) of the Bankruptcy Code.

1.49 **Term Of The Plan**. That period after the Effective Date during which payments are being made to Creditors as called for by the Plan.

**1.50** <u>**Unsecured Claim(s)**</u>:  All Claims not secured by collateral of the estate.

**1.51** <u>**Unsecured Creditor(s)**</u>.  All Creditors of Debtor holding Unsecured Claims of any character whatsoever, except Claims entitled to priority pursuant to § 507 of the Bankruptcy Code.

**1.52** <u>**Unsecured Deficiency Claimant(s)**</u>.  Claims resulting from the excess of the Secured Claims over the Collateral Value, as determined pursuant to § 506 of the Bankruptcy Code or unless otherwise agreed to by the Secured Creditors.

**1.53** <u>**Undefined Terms**</u>.  Terms and phrases, whether capitalized or not, that are used and not defined herein, but are defined by the Bankruptcy Code, have the meanings ascribed to them in the Bankruptcy Code.